## In the Matter of MARK BLOCK HOLDING CORPORATION and Others (WARSHAW and Others, etc.).

Supreme Court, Nassau County, September 1, 1931.

*Ornstein & Silverman* [*Edward Elman* of counsel], for the petitioner.

*David B. Tolins, Corporation Counsel of the City of Long Beach,* for the respondent.

*Lawrence Berenson,* for the intervenor.

DODD, J. This is a hearing upon the return to an order of certiorari to review the determination of the board of appeals of the city of Long Beach, which adopted a resolution on May 21, 1931, after public hearings granting a variance of the zoning ordinance to permit the erection of a six-story apartment house on the northwest corner of Penn street and Jackson boulevard. The plot on which it is proposed to place the erection extends 200 feet along Jackson boulevard, with a depth of 100 feet. The plot, 100 by

100 feet on Jackson boulevard and Penn street, is in the residence A, the single private family dwelling house zone. The plot, 100 by 100 feet on Jackson boulevard and Broadway, is in the residence H, or apartment house zone.

Section 24 of the Zoning Ordinance vests in the board of appeals, created by it pursuant to law, the power to grant variances in harmony with the general intent and purpose of the ordinance in several instances, of which the following are the basis of its action on this application: " Subdivision 2. Grant a permit in any case where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of the ordinance. Subdivision 5. Permit the extension of a use or structure into a more restricted district immediately adjacent thereto under such conditions as will safeguard the character of the more restricted district."

The facts as applied to the existing state of the law establish that this is not a case of practical difficulties or unnecessary hardships. The applicant purchased the entire plot, of which the part for which the variance is sought represents one-half, subject to existing restrictions of record in a prior zoning ordinance more stringent than the one he seeks now to escape. The range of use to which the property can be put has been burdened by the existing zoning resolution. The character of the neighborhood is substantially if not exactly as it existed when the present zoning resolution was adopted. Indeed, the present law became effective on July 8, 1930, after careful investigation and study and public discussion of the plan to be adopted to represent the wishes of all the people and to serve the best interests of the city of Long Beach in its development. This application, made so shortly thereafter, to change the zoning of a substantial plot, indicates quite clearly that the only basis is one of desire.

Subdivision 2 of section 24 does not embrace cases where the hardship is the restriction of desire to perform an act which would abrogate the very intent and purpose of the ordinance, amend if not partially repeal an act adopted regularly by the local legislature, and create a means by which the entire ordinance could be frustrated at will by limitless exceptions. Subdivision 2 is a saving clause designed to correct what was intended but not foreseen and to relieve in a specific case where the generality of the act has failed to make proper exception so that slight deviation from the strict letter may be had without violating the spirit.

A review of the cases on the subject indicates most persuasively that hardship cannot be availed of by an owner to remove from a classification a plot purposely incorporated therein in order to

effectuate the very purpose of creating variance zones. Incidentally it might be said that even though the law does not relieve where the hardship is financial solely, the applicant does not make out a satisfactory showing that it is harmed in this respect when its purchase is viewed in its history. The argument that the granting of the variance can be sustained under subdivision 5 is likewise without merit. The power conferred on the board is not limitless and unrestricted, but must be used in harmony with the underlying purpose of the ordinance and applied reasonably to maintain and not abolish the distinctive classification created by the ordinance. The language of this subdivision itself is explanatory of its scope. No surer way of destroying rather than safeguarding the character of a restricted district exists than permitting a plot of 100 by 100 feet in a highly restricted residential zone to become part of an apartment site merely because the contiguous plot of like dimensions in the same ownership and apartment zone can be coupled for a large apartment operation. Cases considering similar zoning provision exceptions condemn any attempt to do other than permit a slight use extension, and the reasoning sustaining even a slight extension is based on the recognition of the principle that the permission to add a few feet of a restricted plot to a large operation on an unrestricted plot, where the use of the unrestricted would be prevented if permission were withheld, is a reasonable application of discretion consonant with the purpose of the zoning resolution itself and having no material or substantial effect on its general purpose.

Accordingly I consider that the application was improperly granted, that this order must be allowed, and the decision of the board of appeals of the city of Long Beach reversed.